# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BRIAN R. ROGERS**
**United States Army, Appellant**

ARMY 20090372

Headquarters, 82nd Airborne Division
Gary Brockington, Military Judge
Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (pretrial)
Major Jessica A. Golembiewski, Acting Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Michael J. Frank, JA (on brief).

19 April 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of dereliction of duty, as well as wrongfully providing alcohol to soldiers in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (2006) [hereinafter UCMJ].  A panel of enlisted and officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of violating a lawful general regulation, false official statement, and wrongful sexual contact, in violation of Articles 92, 107, and 120, UCMJ,  10 U.S.C. §§ 892, 907, and 920.  Appellant was sentenced to be reduced to the grade of Private E-1, total forfeitures, confinement for forty-eight months, and a dishonorable discharge.  The convening authority reduced the sentence of confinement by one month and approved the remainder of the sentence as adjudged.

Appellant raises numerous assignments of error, both through counsel and pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), only one of which merits discussion. Appellant alleges, *inter alia*, that his trial defense counsel were ineffective during the sentencing case because they did not submit four favorable Non-Commissioned Officer Evaluation Reports ( hereinafter NCOERs). Appellant also alleges ineffectiveness for failing to introduce a sworn statement by a senior NCO, Master Sergeant (MSG) Terry Summerlin. In this sworn statement MSG Summerlin details appellant's performance in noticing a major deficiency in his company commander's parachute before a jump, in all likelihood saving him from potential injuries or death.

In response, this Court ordered appellant's first defense counsel (released by appellant before trial), as well as the two defense counsel who represented appellant at trial, to answer these allegations and to explain their decision not to introduce the documents described above. The issues we discuss in this opinion concern the latter two defense counsel and our comments relate to their performance and decisions.

## LAW AND DISCUSSION

There is a strong presumption that counsel provided adequate professional service. *United States v. Garcia*, 59 M.J. 447 (C.A.A.F. 2004). However, that presumption is rebutted by a showing of specific errors made by defense counsel that were unreasonable under prevailing professional norms. *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2004). The appropriate test for prejudice is whether there is a reasonable probability that, but for counsel's error, there would have been a different result. *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005) (citing *United States v. Quick*, 59 M.J. 383, 387 (C.A.A.F. 2004)).

The explanations provided by the trial defense team for not admitting the NCOERs and the sworn statement from MSG Summerlin as part of appellant's "good soldier book" fall short. In response to the NCOER omissions they noted that there were "1-2" referred NCOERs and that in their mind it was better not to include any of them rather than provide an incomplete NCOER history to the panel. However, a referred NCOER containing damaging information was introduced by the government in aggravation, along with appellant's ERB which indicated a reduction in rank. This admitted evidence negates defense counsel's explanation. (We add that neither the defense nor the government has since produced another referred NCOER report to buttress that claim). Further, the favorable NCOERs capture time periods both before and after the referred report, diminishing its impact on the panel's perception of appellant's duty performance. Defense counsel's explanation for not introducing the statement of MSG Summerlin is also inadequate. One defense counsel claims that appellant never informed her of this statement at all. The other defense counsel posits that introducing this statement in the "good soldier book" would have opened the door to the separation proceeding for which it was originally produced. However, defense counsel offers no concrete theory or explanation to support this fear and we see none available.

Simply stated, it was error not to introduce these documents, and these errors were unreasonable under prevailing professional norms. Further, we find that but for these errors there is a reasonable probability of a different result in sentence, at the very least as to the type of discharge adjudged. The favorable NCOERs and the statement from MSG Summerlin detailing appellant's proficiency could reasonably have affected the panel's decision in that regard.

## CONCLUSION

On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are affirmed. For the reasons set forth in this opinion, the sentence is set aside. A rehearing on sentence may be ordered by the same or a different convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court